

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 30, 1962

Mr. Burney Walker
Criminal District Attorney
Waco, Texas

Dear Mr. Walker:

Opinion No. WW-1427

Re: Whether the Roosevelt
Hotel is exempt from
ad valorem taxes under
the stated facts

This will acknowledge your request for an opinion under date of August 1, 1962. Your letter and a statement attached thereto as Exhibit A set forth the following facts.

> "An application for exemption from
> ad valorem taxes has been made by the
> Allen McDonald Foundation, a Texas non-
> profit corporation, for the Roosevelt
> Hotel here in Waco. The foundation will
> operate the hotel as a home for the
> aged."

The Roosevelt Hotel is being conveyed to the Allen McDonald Foundation. Bishop L. J. Reicher is president of the foundation, and, as such, has requested the exemption of the property from ad valorem taxes under the provisions of Section 7 of Article 7150, Vernon's Civil Statutes, and Section 2 of Article 8 of the Texas Constitution on the ground that the property will be operated as a charitable institution.

In support of this request, the following information was submitted:

> "a) The Home will be operated on a
> non-profit basis;
>
> "b) No admission for an entry into
> the Home will be charged;
>
> "c) Elderly people who are able to
> pay will be asked to pay the cost of
> lodging, food and other services fur-
> nished by the Home;
>
> "d) No one will be denied admission
> because of inability to pay; in cases in
> which the applicant cannot pay the full

amount, he will be asked to pay in
accordance with his means, the amount
to be paid in such cases will be a
matter of negotiation and mutual agree-
ment; each case will be considered on
its merits; in cases where the applicant
is unable to make any payment, the Founda-
tion will not hesitate to pay 100% of the
cost of maintenance;

"e)  It is anticipated that the average
cost of maintenance will be $170.00 per
month;

"f)  The experience of other Homes for
older adults across the nation has shown
that quite often emergency financial needs
result in connection with the last illness
and death of residents in such homes.  Quite
often expenses cannot be met by the resi-
dent in the Home.  Therefore the Home must
bear this expense.  Such expense in this
case will be borne by the Allen McDonald
Foundation.

"g)  The entire premises upon which
exemption is requested will be devoted
100% to the operation of the Home;

"h)  Revenues from operation of the
Home may not be sufficient to pay all
costs, including service of the proposed
FHA loan.  In my capacity as Catholic
Bishop of the Diocese of Austin, I have
agreed to underwrite payments on the
loan.  In effect, this means if revenues
from operation of the Home are not suffi-
cient, the deficit will be met from funds
of the Catholic Church or contributions
from its members.

"i)  The Home will be non-sectarian.
It will have both Protestants and Catholic
chapels, and also facilities for Jewish
worship, should the need arise.  Obvious-
ly a substantial number of the occupants
of the Home will be persons from Waco
and McLennan County."

The Roosevelt Hotel is being repaired and improved at this time to meet the requirements of a home for the aged. Information from your letter and the Exhibit A attached thereto shows that the hotel, as of July 3, 1962, has not been conveyed to the Allen McDonald Foundation.

Your letter further states that:

"According to Exhibit A, the operation of the Roosevelt Hotel will meet all of the requirements set forth in Opinion No. WW-1277. The only additional point that might be covered is that whether or not the hotel is now exempt from ad valorem taxes. . . . ."

Although you state that the Roosevelt Hotel is being repaired and improved at this time to meet the requirements of a home for the aged, you also state that Roosevelt Hotel has not been conveyed to the Allen McDonald Foundation.

We are not advised as to who was the owner and holder of title to this property on the first day of January, 1962. Since it was not owned by the Allen McDonald Foundation on that date, it could not be exempt from taxation for 1962 under the theory that it is intended to be later used as a charitable home for the aged.

In Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632, Petitioner is a corporation organized for the operation of a hospital, clinic and training school and is an institution of purely public charity. It acquired titled to the property on December 30, 1948 and was in the process of altering and improving from prior to the time title was acquired until May 13, 1949 when the Hedgecroft Clinic moved into the premises and started operation.

Quoting from the opinion, the court said at page 636:

"Petitioner's acts on and before January 1, 1949, as alleged in the petition, the substance of which has been set out at the beginning of this opinion, were part of the necessary preparation and remodeling of the building for operation as a hospital and clinic. The work proceeded until it was completed on May 13, 1949, and since that time the hospital and clinic have been operated as a public charity. The facts alleged show, in our opinion, an

> actual and direct use of the property
> on and prior to January 1, 1949, for
> the charitable purpose."

Under the facts stated, Allen McDonald Foundation qualifies as a charitable corporation, and although the property involved is taxable under the present ownership, it will become exempt as of January 1st next after it is conveyed to the corporation to be used for the purposes stated.

## S U M M A R Y

Under stated facts, real estate is not exempt from ad valorem taxes at present time, but will become exempt January 1st after it is conveyed to charitable corporation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. H. Broadhurst
Assistant

JHB/jp

APPROVED:

OPINION COMMITTEE:
Morgan Nesbitt, Chairman

L. P. Lollar
Fred D. Ward
Robert A. Rowland

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore